Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Armstrong and Thomas Armstrong,<br><br>Plaintiffs,<br><br>vs.<br><br>Carlson Restaurants, Inc.,<br><br>Defendant. | No. 2:14-cv-00295-PHX-SMM<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT** |

COME NOW the Plaintiffs, Kimberly Armstrong and Thomas Armstrong (collectively "Plaintiffs"), individually, by and through the undersigned attorney and sue the Defendant, Carlson Restaurants, Inc. d/b/a Friday's Front Row Sports Grill ("Defendant"), and alleges as follows:

1.   At all material times hereto, Plaintiffs are individuals residing in Maricopa County, Arizona.

2.   At all material times hereto, Defendant was a corporation duly licensed to transact business in the State of Arizona. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, AZ.

-1-

3. Plaintiff Kimberly Armstrong had been an hourly employee for Defendant in Phoenix, Arizona for approximately three years, seven months. Plaintiff Kimberly Armstrong was hired on or about approximately March 1, 2008 and ceased employment with Defendant on or about approximately September 31, 2011.

4. Plaintiff Thomas Armstrong had been an hourly employee for Defendant in Phoenix, Arizona for approximately two years. Plaintiff Thomas Armstrong was hired on or about approximately August 8, 2009 and ceased employment with Defendant on or about approximately August 6, 2011.

5. Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 201, *et seq*.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

## BACKGROUND

8. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees a minimum wage. See 29 U.S.C. § 206(a) [Section "206(a)"]. The FLSA's definition of the term "wage," in turn,

recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## NATURE OF THE CLAIM

9. Defendant owns and/or operates Carlson Restaurants, Inc. d/b/a TGI Friday's Front Row Sports Grill, a restaurant and bar located in Phoenix, Arizona.

10. Plaintiff Kimberly Armstrong was employed as a server and as a bartender by Defendant, and was a Tipped employee as defined by the FLSA at 29 U.S.C. § 203, from approximately on or about March 1, 2008 through approximately on or about September 30, 2011.

11. Plaintiff Thomas Armstrong was employed as a server by Defendant, and was a Tipped employee as defined by the FLSA at 29 U.S.C. § 203, from approximately on or about August 8, 2009 through approximately on or about August 6, 2011.

12. Rather than pay its tipped employees the applicable State minimum wage, for the time Plaintiffs were paid an hourly wage, Defendant imposed a tip credit upon Plaintiffs at below the applicable minimum wage.

13. As a result of Defendant's imposition of a tip credit, Plaintiffs were forced to perform minimum wage work at an hourly rate that was less than minimum wage.

14. In addition to tipped work, Defendants regularly and consistently required Plaintiffs to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of shift times for which Plaintiffs were paid at the reduced tip credit rate, in willful violation of the FLSA.

15. In addition to tipped work, Defendants regularly and consistently required Plaintiffs to perform non-tipped labor unrelated to their tipped occupation for which Plaintiffs were paid at the reduced tip credit rate, in willful violation of the FLSA

16. As a result, Plaintiffs are entitled to at least the applicable minimum wage for such time worked, without applying the tip credit.

17. Defendant, individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

18. Plaintiffs' wages were dependent on how Plaintiffs were classified as employees, not on the job(s) performed at the direct of defendant.

19. Plaintiffs, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

20. Although at this stage, Plaintiffs are unable to state the exact amount owed, Plaintiffs believe that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

**COUNT I**
**KIMBERLY ARMGSTRONG**
**FAIR LABOR STANDARDS ACT: MINIMUM WAGE**

COMES NOW, Plaintiff, Kimberly Armstrong, individually, stating:

21. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all relevant times, Defendant employed Plaintiff Kimberly Armstrong within the meaning of the FLSA.

23. Plaintiffs bring this action as former hourly employees of Defendant, who willfully refused to pay a wage to Plaintiff Kimberly Armstrong during Plaintiff Kimberly Armstrong's employment.

24. For time spent during Plaintiff Kimberly Armstrong's employment, Defendant took a "tip credit" from Plaintiff Kimberly Armstrong's wages. Thus, Defendant paid Plaintiff Kimberly Armstrong at a rate less than the applicable minimum wage.

25. In addition to tipped work, Defendant regularly and consistently required Plaintiff Kimberly Armstrong to perform non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of shift times for which Plaintiff Kimberly Armstrong was paid at the reduced tip credit rate

26. Examples of such non-tipped labor include, but are not limited to: preparatory and workplace maintenance tasks such as maintaining "backups," restocking supplies, stocking ice, , stocking food/condiments, brewing tea, brewing coffee, running food to tables for other servers, wiping down/washing trays, stocking lemonade mix, cleaning soft drink dispenser nozzles, replacing syrup for the soda machine, stocking to-go supplies, cutting/stocking lemons, washing plates/glasses/silverware, polishing glassware, , , and lining baskets.

27. In both policy and practice, Defendant regularly and consistently required Plaintiff Kimberly Armstrong to perform such non-tipped labor related to her tipped occupation in excess of twenty percent (20%) of her shift times before, during, and after

scheduled shifts; while Plaintiff Kimberly Armstrong had few or no customers to serve; after being "cut" from serving her last table; before the restaurant was open to customers; after the restaurant was closed to customers; and between lunch and dinner shifts. As such, full minimum wage for such time is owed to Plaintiff Kimberly Armstrong.

28. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff Kimberly Armstrong the full minimum wage for time spent performing such non-tipped labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff Kimberly Armstrong's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

29. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff Kimberly Armstrong a wage equal to or greater than minimum wage for time spent performing non-tipped labor related to her tipped occupation in excess of twenty percent (20%).

30. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff Kimberly Armstrong's work and wages at all relevant times.

31. Plaintiff Kimberly Armstrong's wages were dependent on how Plaintiff Kimberly Armstrong was classified as an employee, not on the job(s) performed at the direction of Defendant.

32. Plaintiff Kimberly Armstrong is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven

at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Kimberly Armstrong, individually, requests that this Court enter Judgment against Defendant, Carlson Restaurants, Inc. d/b/a Friday's Front Row Sports Grill, for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT II
## KIMBERLY ARMSTRONG
## FAIR LABOR STANDARDS ACT: MINIMUM WAGE

33. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendant employed Plaintiff Kimberly Armstrong within the meaning of the FLSA.

35. Plaintiff Kimberly Armstrong brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff Kimberly Armstrong during her employment.

36. For time spent during Plaintiff Kimberly Armstrong's employment, Defendant took a "tip credit" from Plaintiff Kimberly Armstrong's wages. Thus, Defendant paid Plaintiff Kimberly Armstrong at a rate less than the applicable minimum wage.

37. In addition to tipped work, Defendant regularly and consistently required Plaintiff Kimberly Armstrong to perform non-tipped labor unrelated to her tipped occupation for which Plaintiff was paid at the reduced tip credit rate.

38. Examples of non-tipped, "dual occupation," labor, unrelated to Plaintiff's tipped occupation, which Plaintiff Kimberly Armstrong performed, include, but are not limited to: taking out trash, scrubbing walls, sweeping floors, scrubbing floors, deep cleaning floors, mopping floors, cleaning stadium seats, and dusting.

39. In both policy and practice, Defendant regularly and consistently required Plaintiff Kimberly Armstrong to perform such non-tipped labor unrelated to her tipped occupation before, during, and after scheduled shifts; while Plaintiff Kimberly Armstrong had few or no customers to serve; after being "cut" from serving her last table; before the restaurant was open to customers; after the restaurant was closed to customers; and between lunch and dinner shifts. As such, full minimum wage for such time is owed to Plaintiff Kimberly Armstrong.

40. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff Kimberly Armstrong the full minimum wage for time spent performing non-tipped labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff Kimberly Armstrong's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

41. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff Kimberly Armstrong a wage equal to or greater than minimum wage for time spent performing non-tipped labor unrelated to her tipped occupation.

42. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff Kimberly Armstrong's work and wages at all relevant times.

43. Plaintiff's wages were dependent on how Plaintiff Kimberly Armstrong was classified as an employee, not on the job(s) performed at the direction of Defendant.

44. Plaintiff Kimberly Armstrong is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Kimberly Armstrong, individually, requests that this Court enter Judgment against Defendant, Carlson Restaurants, Inc. d/b/a Friday's Front Row Sports Grill, for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT III
### THOMAS ARMGSTRONG
### FAIR LABOR STANDARDS ACT: MINIMUM WAGE

COMES NOW, Plaintiff, Thomas Armstrong, individually, stating:

45. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Defendant employed Plaintiff Thomas Armstrong within the meaning of the FLSA.

47. Plaintiff Thomas Armstrong brings this action as former hourly employees of Defendant, who willfully refused to pay a wage to Plaintiff Thomas Armstrong during Plaintiff Thomas Armstrong's employment.

48. For time spent during Plaintiff Thomas Armstrong's employment, Defendant took a "tip credit" from Plaintiff Thomas Armstrong's wages. Thus, Defendant paid Plaintiff Thomas Armstrong at a rate less than the applicable minimum wage.

49. In addition to tipped work, Defendant regularly and consistently required Plaintiff Thomas Armstrong to perform non-tipped labor related to his tipped occupation in excess of twenty percent (20%) of shift times for which Plaintiff Thomas Armstrong was paid at the reduced tip credit rate.

50. Examples of such non-tipped labor include, but are not limited to: preparatory and workplace maintenance tasks such as maintaining "backups," restocking supplies, stocking ice, stocking food/condiments, brewing tea, brewing coffee, running food to tables for other servers, wiping down/washing trays, stocking lemonade mix, cleaning soft drink dispenser nozzles, replacing syrup for the soda machine, stocking to-go supplies, cutting/stocking lemons, washing plates/glasses/silverware, polishing glassware, and lining baskets.

51. In both policy and practice, Defendant regularly and consistently required Plaintiff Thomas Armstrong to perform such non-tipped labor related to his tipped occupation in excess of twenty percent (20%) of his shift times before, during, and after

scheduled shifts; while Plaintiff Thomas Armstrong had few or no customers to serve; before serving his first table; after being "cut" from his last table; before the restaurant was open to customers; after the restaurant was closed to customers; and between lunch and dinner shifts. As such, full minimum wage for such time is owed to Plaintiff Thomas Armstrong.

52. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff Thomas Armstrong the full minimum wage for time spent performing such non-tipped labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff Thomas Armstrong's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

53. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff Thomas Armstrong a wage equal to or greater than minimum wage for time spent performing such non-tipped labor related to his tipped occupation in excess of twenty percent (20%).

54. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff Thomas Armstrong's work and wages at all relevant times.

55. Plaintiff Thomas Armstrong's wages were dependent on how Plaintiff Thomas Armstrong was classified as employees, not on the job(s) performed at the direction of Defendant.

56. Plaintiff Thomas Armstrong is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven

-11-

at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Thomas Armstrong, individually, requests that this Court enter Judgment against Defendant, Carlson Restaurants, Inc. d/b/a Friday's Front Row Sports Grill, for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT IV
## THOMAS ARMSTRONG
## FAIR LABOR STANDARDS ACT: MINIMUM WAGE

57. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendant employed Plaintiff Thomas Armstrong within the meaning of the FLSA.

59. Plaintiff Thomas Armstrong brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff Thomas Armstrong during his employment.

60. For time spent during Plaintiff Thomas Armstrong's employment, Defendants took a "tip credit" from his wages. Thus, Defendants paid Plaintiff Thomas Armstrong at a rate less than the applicable minimum wage.

61. In addition to tipped work, Defendant regularly and consistently required Plaintiff Thomas Armstrong to perform non-tipped labor unrelated to his tipped occupation for which he was paid at the reduced tip credit rate.

62. Examples of non-tipped, "dual occupation," labor, unrelated to Plaintiff Thomas Armstrong's tipped occupation, which he performed, include, but are not limited to: taking out trash, scrubbing walls, sweeping floors, scrubbing floors, deep cleaning floors, mopping floors, cleaning stadium seats, and dusting.

63. In both policy and practice, Defendant regularly and consistently required Plaintiff Thomas Armstrong to perform such non-tipped labor unrelated to his tipped occupation before, during, and after scheduled shifts; while Plaintiff Thomas Armstrong had few or no customers to serve; after being "cut" from serving his last table; before the restaurant was open to customers; after the restaurant was closed to customers; and between lunch and dinner shifts. As such, full minimum wage for such time is owed to Plaintiff Thomas Armstrong.

64. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff Thomas Armstrong the full minimum wage for time spent performing such non-tipped labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff Thomas Armstrong's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

1  65.  Defendant has and continues to willfully violate the FLSA by not paying Plaintiff Thomas Armstrong a wage equal to or greater than minimum wage for time spent performing non-tipped labor unrelated to his tipped occupation.

66.  Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff Thomas Armstrong's work and wages at all relevant times.

67.  Plaintiff's wages were dependent on how Plaintiff Thomas Armstrong was classified as an employee, not on the job(s) performed at the direction of Defendant.

68.  Plaintiff Thomas Armstrong is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Thomas Armstrong, individually, requests that this Court enter Judgment against Defendant, Carlson Restaurants, Inc. d/b/a Friday's Front Row Sports Grill, for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 24th Day of June, 2014.

                              THE BENDAU LAW FIRM, PLLC

                              By: /s/ Clifford P. Bendau, II
                              Clifford P. Bendau, II
                              Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system on this 24th Day of June, 2014, which will send notice of electronic filing to the following CM/ECF registrants:

Tracy A. Miller
Alexandra Gill
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 E. Camelback Rd., Ste. 800
Phoenix, AZ 85016
*Counsel for Defendant*

                              By: /s/ Clifford P. Bendau, II
                              Clifford P. Bendau, II
                              Attorney for Plaintiff