Tracy A. Miller, SBN 015920
Alexandra J. Gill, SBN 027506
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:  (602) 778-3700
Fax:  (602) 778-3750
Tracy.Miller@ogletreedeakins.com
Alexandra.Gill@ogletreedeakins.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Armstrong and Thomas Armstrong,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Carlson Restaurants, Inc.,<br><br>　　　　　　　　Defendant. | No. CV-14-295-PHX-SMM<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS ALL CLAIMS WITH PREJUDICE** |

Pursuant to the Court's December 12, 2015 Order [Doc. 40], Plaintiffs Kimberly Armstrong and Thomas Armstrong ("Plaintiffs") and Defendant Carlson Restaurants, Inc. ("Defendant") jointly notify the Court that the parties have settled the claims contained in Plaintiffs' First Amended Complaint which alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"), contingent upon the Court's approval of said settlement agreement. The parties jointly request that the Court approve the proposed settlement agreement and dismiss Plaintiffs' claims with prejudice. The parties premise this motion on the following grounds.

## **SUMMARY**

1. Plaintiffs allege that as tipped employees, Defendant violated the FLSA by failing to pay Plaintiffs the minimum wage for time spent performing non-tipped labor

related to their tipped occupation in excess of twenty percent (20%) of their shifts, and for time spent performing non-tipped labor unrelated to their tipped occupation, because Defendant took a tip credit for these periods of time. Plaintiffs also claim that Defendant acted willfully and in bad faith.

2. Defendant contends that it has not violated the FLSA because Plaintiffs' average wages for each work week that they performed work for Defendant equaled or exceeded the federal minimum wage and that Defendant properly applied the tip credit to Plaintiffs. Defendant also asserts that it has reasonable grounds to believe that it was in compliance with the FLSA at all times, acted in good faith, and did not willfully violate the FLSA.

3. Plaintiffs' paycheck records and time detail records were examined by both Plaintiffs and Defendant and their counsel and were used by the parties to independently assess and assign value to Plaintiff's claims and Defendant's defenses thereto.

4. The parties, through their counsel, engaged in settlement discussions and exchanged settlement offers and counteroffers. The settlement discussions and negotiations resulted in the parties agreeing to a reasonable and equitable settlement.

5. Defendant has agreed to pay Plaintiff Thomas Armstrong $2,544.96 ($1,272.48 representing unpaid wages subject to applicable payroll deduction and other withholdings and $1,272.48 representing liquidated damages subject to any withholding required by law) and Plaintiff Kimberly Armstrong $1,895.57 ($947.78 representing unpaid wages subject to applicable payroll deduction and other withholdings and $947.78 representing liquidated damages subject to any withholding required by law). These amounts are based on the amount of unpaid wages Plaintiffs claim they are owed for time spent performing non-tipped labor.[1] Defendant also agreed to pay Plaintiffs' attorney $8,059.47. A copy of the parties' executed Confidential Settlement Agreement and Release is attached hereto as Exhibit 1.

---

[1] Plaintiff Kimberly Armstrong's damages calculation includes $99.96 representing the cost of a uniform for which she claims she is owed.

6. In exchange for the payment, Plaintiffs have agreed to release Defendant from any and all claims, including those brought in plaintiffs' First Amended Complaint and any claims asserted in this lawsuit.

7. The parties also stipulate that they had a bona fide dispute and that they are resolving the matter in order to limit the cost, time, and risks associated with continued litigation of Plaintiffs' claims.

8. The parties attest to the fairness and reasonableness of their amicable settlement and request that the Court approve the settlement and dismiss Plaintiffs' claims with prejudice.

## MEMORANDUM OF LAW

**I. LEGAL PRINCIPLES.**

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the district court enters a stipulated judgment approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *In re Sepracor Inc.*, 2009 WL 3253947 at *2 (D. Ariz. Oct. 8, 2009); *Hand v. Dionex Corp.*, 2007 WL 3383601 at *1-2 (D. Ariz. Nov. 13, 2007). An employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if: (1) the settlement agreement between the employer and the employee occurs in an adversarial context; (2) actual disputes exist regarding issues of FLSA coverage and/or computation; and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the settlement's fairness. *See Lynn's*, 679 F.2d at 1352-53; *Hand*, 2007 WL 3383601 at * 1.

**II. ANALYSIS.**

The settlement reached by the parties represents a fair and equitable resolution of this matter. First, the proposed settlement arises out of an adversarial context. Plaintiff, with the assistance of counsel, filed suit and litigated this case.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

Second, the parties agree that this lawsuit involved disputed issues as reflected by both Plaintiff's First Amended Complaint and Defendants' Answer and Affirmative Defenses. [*See* Docs. 28 and 32.] Specifically, the parties disagreed as to whether Defendant properly compensated Plaintiffs as tipped employees under the FLSA, whether Defendants willfully violated the FLSA, and whether Defendants acted in good faith and had reasonable grounds to believe they were in compliance with the FLSA.

Third, the settlement reached by the parties is fair and reasonable. Indeed, the parties engaged in settlement negotiations which resulted in the fair and reasonable settlement they are now presenting to this Court.

## III.  CONCLUSION.

For the reasons set forth herein, the parties jointly and respectfully request that the Court determine that the settlement of Plaintiff's FLSA claim is fair and equitable and that the Court enter an Order approving the settlement thereof. The parties also jointly and respectfully request that the Court dismiss, with prejudice, Plaintiffs' Complaint in its entirety.

RESPECTFULLY SUBMITTED this 6th day of January 2015.

                OGLETREE, DEAKINS, NASH,
                SMOAK & STEWART, P.C.

                By:s/Alexandra J. Gill
                   Tracy A. Miller
                   Alexandra J. Gill
                   2415 East Camelback Road, Suite 800
                   Phoenix, Arizona 85016
                   Attorneys for Defendant

                THE BENDAU LAW FIRM, PLLC

                By:s/Clifford P. Bendau, II (w/permission)
                   Clifford P. Bendau, II
                   6350 East Thomas Road, Suite 330
                   Scottsdale, Arizona 85251
                   cliffordbendau@bendaulaw.com
                   Attorneys for Plaintiff

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of January 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF Systems for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Clifford P. Bendau, II
The Bendau Law Firm, PLLC
6350 E. Thomas Rd., Ste. #330
Scottsdale, Arizona 85251
cliffordbendau@bendaulaw.com

Attorneys for Plaintiffs


s/Debra A. Irwin

19860898.1