# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Armstrong, et al., | No. CV-14-295-PHX-SMM |
| Plaintiffs, | |
| v. | **ORDER** |
| Carlson Restaurants Worldwide, Inc., | |
| Defendant. | |

Pending before the Court is the parties' joint motion for approval of settlement agreement and dismissal with prejudice of claims by Plaintiffs. (Doc. 41.) In support, the parties appeared a status hearing and argued in favor of settlement. (Doc. 43.) After reviewing the Settlement Agreement and considering the arguments of the parties, the Court will grant the parties' joint motion and approve the settlement agreement.

Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims under the FLSA can be settled or compromised by employees.[1] One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation

---

[1] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Ambrosino v. Home Depot U.S.A., Inc., No. CV 11-1319, 2014 WL 3924609 (S.D. Cal. Aug. 11, 2014); Hand v. Dionex Corp., No CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is an FLSA action against Defendants, the parties must seek approval of their settlement agreement in order to ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues.

The Court has reviewed the proposed Settlement Agreement for $12,500 and during a status hearing, the Court heard from the parties in support of the reasonableness of settlement agreement. Based on the Court's review and the parties explanations, the Court finds that the settlement is a fair and reasonable resolution of the issues. The settlement agreement provides payments for wage compensation, liquidated damages, and attorney's fees. Therefore, the Court will approve the settlement agreement between the parties and enter a stipulated judgment of dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** granting the parties' joint motion for approval of settlement agreement and dismissal with prejudice of claims by Plaintiffs. (Doc. 41) The settlement agreement resolves all associated attorney's fees, costs, interest, or other penalties.

**IT IS FURTHER ORDERED** that the Clerk of Court dismiss the claims of Plaintiff Kimberly Armstrong and Plaintiff Thomas Armstrong with prejudice and terminate this case.

**IT IS FURTHER ORDERED** denying as moot Plaintiffs' motion to amend complaint. (Doc. 36.)

DATED this 4th day of February, 2015.

Stephen M. McNamee
Senior United States District Judge